RUDOLPHUS RECORD, as OVERSEER OF THE POOR OF THE
   TOWN OF SMYRNA, RESPONDENT, *v.* MANSON K. MESSENGER,
   APPELLANT.

*Chapter* 820 *of* 1873.— *Prosecution for violation of excise law by third person — discontinuance of action by overseer of the poor — costs.*

Where an action is brought to recover a penalty for a violation of the excise
   law, under chapter 820 of 1873, authorizing any person to prosecute there-
   for in the name of the overseer of the poor, in case the proper persons refuse
   for ten days to bring such action, the overseer of the poor, in whose name the
   action is brought, has no power to consent to its discontinuance without the
   consent of the persons by whom it was commenced.

*Quære,* whether the persons instituting the action would be liable for the costs.

APPEAL from an order denying a motion to discontinue this
action, in pursuance of a stipulation made by the plaintiff.

*D. L. Atkyns,* for the appellant. The person prosecuting in
the name of the overseer of the poor has no interest in the action.
He receives no part of the penalty or costs. (Laws 1857, chap. 628,
§ 22; as amended, Laws 1873, chap. 820.) A third person prosecut-
ing in the name of the overseer, does so as his agent. The overseer
is still plaintiff, and is responsible for costs. He can release or dis-
charge a judgment recovered in his name by such third person
without payment. The power to discharge the judgment must
necessarily include the power in the same person to discharge the
action by which judgment might be obtained. (*Smith* v. *Wright,*
13 Barb., 414; *Mears* v. *Boston, etc.,* 5 Gray [Mass.], 371; *Regina*
v. *Allen,* 1 Ellis, B. & S., 850; *Wilkinson* v. *Lindo,* 7 Mee. & W.,
87; *Gibson* v. *Winter,* 5 B. & Ad., 96; *Barlow* v. *Pease,* 5 Hun, 564.)

*D. D. Niles,* for the respondent.

*Per Curiam:*

This is an appeal from an order denying the defendant's motion
to discontinue the action. The motion was made when the case
was moved for trial at the Circuit, on the ground that it had been
discontinued by stipulation of the plaintiff.

The action was brought to recover three penalties alleged to have been incurred by the defendant for selling strong and spirituous liquors in violation of the excise law. It was brought originally in the name of Mr. Chapman as overseer of the poor, and the present plaintiff was substituted in the place of the former as his successor in office. Thereafter the plaintiff in person gave the defendant a stipulation discontinuing the action without costs to either party. Notwithstanding this stipulation, the attorney of record for the plaintiff placed the case on the Circuit calendar, and, when it was reached, moved its trial. Thereupon the defendant applied to the court, on the stipulation, for an order of discontinuance. The motion was denied, and an order was entered to that effect. This appeal is from such order. It was admitted, as appears from the recitals in the order, that the overseer of the poor neglected and refused to prosecute the defendant for the penalties, notwithstanding duty called upon him to do so, according to the provisions of the act of 1873 ; and that James P. Knowles and Mott C. Dixon, the persons who made the complaint and request, thereupon commenced the action in the name of the overseer, under the provision of the law providing that in case the party whose duty it was to prosecute for the penalties, should, for a period of ten days, neglect or refuse so to do, any other person might prosecute therefor in the name of the overseer; and it was insisted, therefore, that the action was their action and could not be discontinued by the overseer, who was merely nominal plaintiff, without their consent. The court, it seems, maintained this view ; and, as we think, correctly. The right to prosecute the action was given, by the express language of the law, to others than the overseer, in case of his neglect and refusal so to do for ten days after request and due presentation of proof that the party had incurred the penalty imposed by the act. The right to prosecute the action was more than a mere barren right to commence it to be immediately discontinued by another, without consent of the party authorized to prosecute. The right to prosecute was a right to maintain the action — a right to proceed with it to trial and judgment. Otherwise the right to prosecute was impotent and valueless. The manifest object of the provision was to confer the privilege of enforcing the law on other parties, when the officer in whose name the action should be brought

neglected and refused to perform his duty. This object would be completely frustrated if the officer, in such case, may stay or discontinue the proceedings at pleasure. If he may do this, there is no right to prosecute against his will, yet this right was plainly intended to be conferred, and in the language of the law was conferred. It is only under this construction that the act and its manifest intent, can be made effective. It seems, therefore, that as regards the right to prosecute the action, it should be deemed the action of Knowles and Dixon. They had acquired the right to prosecute it in the name of the overseer. We are not here called upon to decide, whether they would be liable to the defendant for his costs in case of their failure to maintain the action. Doubtless, costs would, by the record in that case, go against the officer as such, and it may be a question perhaps, whether, inasmuch as the law provides for the prosecution of this action by persons other than the overseers, in the name of the latter, the same rule would not apply as in the case of an action prosecuted by the officer himself. In case of a prosecution by the officer on his own volition he may doubtless control it, and may even discharge the judgment when obtained. Still the right to discharge a judgment in that case without payment and in fraud of the rights of the people may well be doubted. But this question is not before us on this appeal. Here the right of the attorney further to prosecute the action is challenged, on the ground that he is without authority so to do from the plaintiff who has assumed to dismiss the case. He answers that the action is not the action of the plaintiff on the record, and that it rests with another, to whom the law has committed its prosecution. This seems a perfect answer, as it fully meets the case made by the defendant as the foundation of his motion, and this view seems to have support in *Barlow et al., overseer,* v. *Pease* (12 N. Y. S. C. R. [5 Hun], 564).

The order appealed from should be affirmed, with ten dollars costs and disbursements.

Present — LEARNED, P. J., BOOKES and BOARDMAN, JJ.

Order affirmed, with ten dollars costs and printing.